**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-5058**
_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

GEORGE WAYNE REID,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry Coke Morgan, Jr., Senior District Judge. (4:08-cr-00014-HCM-FBS-1)

_____

Submitted: September 29, 2009     Decided: October 9, 2009

_____

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Stephen J. Weisbrod, WEISBROD & PHILLIPS, P.C., Hampton, Virginia, for Appellant. Dana J. Boente, United States Attorney, Jessica M. Norris, Special Assistant United States Attorney, Scott Upright, Third Year Law Student, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted George Wayne Reid of possession of a firearm after having previously been convicted of a crime punishable by more than one year, in violation of 18 U.S.C. § 922(g)(1) (2006), and possession of marijuana, in violation of 21 U.S.C. § 844 (2006). The district court sentenced Reid to a total of forty-five months of imprisonment and he now appeals. Finding no error, we affirm.

Reid first challenges the district court's exclusion of evidence of a witness' prior convictions. We review a district court's determination of the admissibility of evidence for abuse of discretion. United States v. Hedgepeth, 418 F.3d 411, 418-19 (4th Cir. 2005). "An abuse of discretion occurs only when a trial court has acted 'arbitrarily' or 'irrationally' in admitting evidence, when a court has failed to consider 'judicially recognized factors constraining its exercise' of discretion, or when it has relied on 'erroneous factual or legal premises.'" Id. at 419 (quoting United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990); James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993)). In addition, "'[a]ny error in [the] admission or exclusion [of evidence] is subject to the harmless error test.'" United States v. Loayza, 107 F.3d 257, 263 (4th Cir. 1997) (quoting United States v. Francisco, 35 F.3d 116, 118 (4th Cir. 1994)).

2

Reid argues that the district court erred in granting the Government's motion to exclude evidence of a witness' misdemeanor convictions that occurred more than ten years prior to trial. Reid also argues that the court erred in ruling that Reid could not question the witness about her prior statements regarding her prior convictions. We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in excluding this evidence. Even assuming error, however, we would conclude without difficulty that the error was harmless.

Reid next challenges the sufficiency of the evidence. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the

3

reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

Reid argues that there was insufficient evidence to demonstrate that he possessed the firearm. Reid also argues that the district court erred in denying his Rule 29 motion by weighing the credibility of the witnesses. We have thoroughly reviewed the record and conclude that there is substantial evidence to support the jury's verdict. Moreover, the district court did not improperly weigh the credibility of the witnesses, but rather correctly stated that credibility determinations are left to the jury. See Beidler, 110 F.3d at 1067.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4